IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANTHONY HEUSER AND NONA HEUSER,

      Plaintiffs,

vs.	NO.  CV 04-0105

THE SAN JUAN COUNTY BOARD OF
COMMISSIONERS, JERRY LARRAÑAGA, NEW MEXICO
TAXATION AND REVENUE DEPARTMENT,
IN HIS INDIVIDUAL CAPACITY, et al.,

      Defendants.

### Memorandum Opinion and Order

**THIS MATTER** comes before the Court on Plaintiffs' ("the Heusers") motion for reconsideration of the Court's Memorandum Opinion and Order, which granted Defendant's ("Mr. Larrañaga") motion to dismiss pursuant to Civil Rules of Procedure Rule 12(b)(1) & (2), or in the alternative, Mr. Larrañaga's motion for summary judgment based on qualified immunity.  For the reasons that follow, I **DENY** the Heusers' motion for reconsideration.

**I. Procedural history.**

The Court issued its Memorandum Opinion and Order dismissing the Heuser's case against Mr. Larrañaga, or in the alternative, granting summary judgment on his behalf on November 12, 2004.  (Doc. No. 55).  The Heusers filed their motion for reconsideration on November 24, 2004.  (Doc. No. 56).  The Heusers were required to file their motion for reconsideration within 10 days. of the Court's November 12th Order.  FED. R. CIV. P. 59(e); *See also Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.*, 312 F.3d 1292, 1296 (10th Cir. 2002); *Adams v. Reliance*

*Standard Life Ins. Co.*, 225 F.3d 1179, 1186 n. 5 (10th Cir. 2000) (holding that a motion for reconsideration filed within ten days of a district court judgment is considered under Rule 59(e) "Motion to Alter or Amend Judgment"). However, because weekends do not count in the time computation, the Heusers' motion is timely and the Court will rule on it in this Opinion. *See* FED. R. CIV. P. 6(a).

**II. Analysis.**

    **A. Standard of review.**

The Court may grant a motion for reconsideration to correct manifest errors of law. *See Adams*, 225 F.3d at 1186 n. 5; *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995). The Heusers seek relief on the basis of the following manifest errors of law: The Court 1) misinterpreted the Eleventh Amendment immunity doctrine articulated in *Edelman v. Jordan et al.*, 415 U.S. 651 (1974); and 2) erred in not allowing discovery on the issue of Mr. Larrañaga's state of mind before ruling on his qualified immunity defense. (Mot. for Recons.) The Court, therefore, reviews its Memorandum Opinion and Order for any manifest errors of law.

    **B. Eleventh Amendment immunity.**

The Heusers correctly state that the Eleventh Amendment does not bar federal suits seeking damages for violations of federal law from state officials in their *personal* capacities, citing *Greiss v. State of Colorado*, 841 F.2d 1042, 1045 (10th Cir. 1988). The Heusers claim that *Edelman v. Jordan, et al.* "was concerned with claims for retroactive relief that by their nature must be paid from public funds, not actions directed against individuals that may ultimately be satisfied with State monies solely because the State has chosen to provide indemnification." (Mot. for Recons. *citing Greiss*, 841 F.2d at 1046.) The Heusers claim that Mr. Larrañaga's defense "boils down to an

2

attempt to unilaterally extend the State of New Mexico's sovereign immunity to all of its employees by the assumption of an illusory obligation for indemnification." (Mot. for Recons. at 2.)

As a general rule, "suits seeking damages from state officials in their individual capacities are not barred by the Eleventh Amendment." *Cornforth v. Univ. Oklahoma Bd. of Regents*, 263 F.3d 1129, 1133 (10th Cir. 2001). If the sovereign is *obligated* to pay any damage award entered against the state official, however, the Eleventh Amendment bars the suit." *Edelman*, 415 U.S. at 663; *Cornforth*, 263 F.3d at 1155. New Mexico law *requires* the State to pay any damage award entered against Mr. Larrañaga. N.M. STAT. ANN.§ 41-4-4. Since the State of New Mexico is obligated to pay any damage award in this suit, the Eleventh Amendment bars the suit. *Edelman*, 415 U.S. at 663.

Mr. Larrañaga properly asserted an Eleventh Amendment immunity defense because the State of New Mexico is the real party in interest in this case. In *Greiss*, 841 F.2d at 1045, the court stated that:

> In *Edelman v. Jordan*, 415 U.S. 651 (1974), the Supreme Court acknowledged another special class of cases, those in which an unnamed governmental entity is deemed to be the true defendant despite the designation of its officials as defendants in their personal capacities. The distinctive feature of this second category of cases is summarized in the following excerpt from *Edelman*: It is also well established that even though a State is not named a party to the action, the suit may nonetheless be barred by the Eleventh Amendment . . . . [W]hen the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants. (internal citations omitted).

By their own admission, the Heusers sought a settlement with *the county* and could not reach a settlement with *the state*, who wished to defend the suit against it. (Pls.' Resp. to Def.'s Mot. to Dismiss at 1.) The State, therefore, is the true defendant in this case. Mr. Larrañaga, an agent of the state, can raise an Eleventh Amendment immunity defense. The Court's determination that the

3

Eleventh Amendment bars the suit necessarily prevented the Court's exercise of jurisdiction over Mr. Larrañaga. The Court properly dismissed the case pursuant to Rule 12(b)(1) & (2). Even if the Court's Eleventh Amendment analysis is incorrect, however, Mr. Larrañaga is entitled to qualified immunity.

### C. Qualified immunity.

The doctrine of qualified immunity shields government officials performing discretionary functions from liability for civil damages arising from 42 U.S.C. § 1983 claims brought against them in their individual capacities. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Even if the Heusers' lawsuit is construed as a personal capacity suit against Mr. Larrañaga, therefore, the qualified immunity defense would apply. Moreover, until the threshold question of qualified immunity is determined, the Court should not allow discovery. *Id.* The Court, therefore, did not err in failing to allow discovery before determining whether Mr. Larrañaga was qualifiedly immune. Because Mr. Larrañaga and the Board acted in an objectively reasonable manner in issuing the decision to reclassify the Heusers' property as non-agricultural, Mr. Larrañaga could properly assert the defense of qualified immunity. *Id.;* (Mem. Op. & Order at 11-12.)

In addition, the Tenth Circuit has held that: "When a defendant moves for summary judgment asserting he is qualifiedly immune and his state of mind is an element of the plaintiff's claim, he must make a prima facie showing of the objective reasonableness of the challenged conduct." *Bruning v. Pixler*, 949 F.2d 352, 356-57 (10th Cir. 1991). Although the Heusers allege that Mr. Larrañaga was biased against them in rendering a decision about the classification of their property, he made a showing of the objective reasonableness of the Board's decision. (Mem. Op. & Order at 12-13.) The burden then shifted to the Heusers to produce "specific evidence of [Mr. Larrañaga's] culpable state

4

of mind to survive summary judgment," which they failed to do.  The qualified immunity defense is specifically designed to shield government actors who act reasonably in exercising their discretion from liability in 42 U.S.C. § 1983 suits.  *Harlow*, 457 U.S. at 807.  Because Mr. Larrañaga acted reasonably in this case, the Court's decision is supported by the law and does not constitute manifest error.

**THEREFORE, the Heusers' motion for reconsideration is hereby DENIED.**

**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**